nothing to prevent the commissioners from accepting as true the estimate of 1873 values given by the defendants' witnesses, who preponderated in number, and certainly were not lacking in weight or credibility. If they had done so, their award of $10,000 would have been for actual decrease, which they were justified in finding to exist. But the testimony also shows that the property would have enjoyed a material increase but for the presence of the road.

Upon the whole, testing the action of the commissioners in the light of the controlling facts and circumstances, we do not find that their award is tainted with any error or abuse which would justify us in setting it aside. On the contrary, we think it is in all respects well grounded, just, and satisfactory. The decision of the learned judge at special term finds no support in the record, nor was there anything in the case he cites (Railway Co. v. Klipstein [Sup.] 33 N. Y. Supp. 1130) which required him to set aside the report of the commissioners. We apprehend that the decision resulted from an inaccurate view of this case, and of its binding effect, rather than upon the learned judge's individual opinion upon the evidence before him.

We may add, in conclusion, that the property on the corner of Wall street did not, under the Keene Case, 79 Hun, 451, 29 N. Y. Supp. 971, require to have the damage to the Wall street side separated from the other. The buildings were not distinct within themselves, as in the Keene Case, but, on the contrary, were rentable as a whole. It was consequently proper to assess the damages caused to the property as a unit. Bischoff Case, 138 N. Y. 257, 33 N. E. 1073.

None of the other exceptions require discussion.

The order appealed from should be reversed, and the report of the commissioners confirmed, with costs. All concur.

---

(6 App. Div. 141)

In re NASSAU ELECTRIC R. CO.

.(Supreme Court, Appellate Division, Second Department. June 9, 1896.)

EMINENT DOMAIN—PUBLIC NECESSITY—WHO TO DETERMINE.

Under Const. 1895, art. 3, § 18, providing that where property owners refuse to consent to the construction of a street railroad in the street on which the premises abut, the court may appoint commissioners to determine whether the railroad ought to be constructed, "and their determination, confirmed by the court, may be taken in lieu of the consent of the property owners," the only action that the court can take is to confirm a report in favor of the construction of the road, and it has no power to set aside an unfavorable report, or to review the determination of the commissioners. In re East River Bridge Co., 38 N. E. 283, 143 N. Y. 249, distinguished.

Proceeding by the Nassau Electric Railroad Company to obtain the right to construct its proposed road through Union street, in the city of Brooklyn. Having failed to obtain the consent of the abutting property owners, commissioners were appointed to determine whether the road ought to be constructed and operated. They reported

against the construction of the road, and the company moves to set aside their report.    Denied.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-LETT, and HATCH, JJ.

John J. Allen and Josiah T. Marean, for the motion.
Jesse Johnson, opposed.

PER CURIAM.    The court has no power in this matter to set aside or confirm the report of the commissioners, or to review their determination.    It was so decided by the general term of this department in Re Nassau Cable Co., 36 Hun, 272, in an opinion written by Justice Pratt, now a member of this court, and concurred in by Justices Barnard and Dykman, and this decision was approved and followed by the general term of the First department in Re East River Bridge Co., 75 Hun, 119, 27 N. Y. Supp. 145.    The Case of the Nassau Cable Co. was precisely like the case now before us.    The statute there under consideration authorized the general term to appoint commissioners, who were empowered, after a hearing of all parties interested, to determine whether the railroad ought to be constructed and operated, and who were directed to make a report thereon to the general term, "and their determination that such road ought to be constructed and operated, confirmed by said court, was to be taken in lieu of the consent of the property owners."    The commissioners reported adversely to the building of the road, whereupon the railroad company moved, at the general term, to send back the report to the commissioners for further action, or for the appointment of new commissioners.    In reference to this motion the court said:

"There seems to be no occasion for action by the court, except to confirm a favorable report or to refuse confirmation.    It is made a condition precedent to a right to construct such railroad for the company to either obtain the consent of the property owners or a favorable report of the commissioners, confirmed by the court.    It is plain, therefore, that there is nothing before the court to be confirmed, as the report is not favorable."

We concur in this view of the law.    The language of the present constitution (article 3, § 18) is as follows:

"No law shall authorize the construction or operation of a street railroad except upon the condition that the consent of the owners of one-half in value of the property bounded on, and the consent also of the local authorities having the control of that portion of a street or highway upon which it is proposed to construct or operate such railroad be first obtained, or in case the consent of such property owners cannot be obtained, the appellate division of the supreme court, in the department in which it is proposed to be constructed, may, upon application, appoint three commissioners who shall determine, after a hearing of all parties interested, whether such railroad ought to be constructed or operated, and their determination, confirmed by the court, may be taken in lieu of the consent of the property owners."

While the expression "their determination," literally interpreted, would apply to any report of the commissioners, it is plain from the context that what the constitution contemplated is a report favorable to the construction of the road.    It is such a report only that can be taken in lieu of the consent of property owners, when confirmed by the court.    The learned counsel for the property owners favoring

the construction of the road has referred us to the Cases of the Kings County Elevated Railway Co., 82 N. Y. 95, and In re East River Bridge Co., 143 N. Y. 249, 38 N. E. 283, claiming that these cases establish a different rule. In those cases the reports of the commissioners were favorable to the construction of the road. The commissioners' reports were, however, under the provisions of the constitution, inoperative until confirmed by the general term, and it is in view of such requirement of the constitution that it was held by the court of appeals that it was the duty of the general term to review the whole case, and pass upon the sufficiency of the facts to warrant the determination of the commissioners. That rule has no application to the case now before us, where the commissioners' report is adverse to the construction of the road. In such a case the appellate division has no duty to perform in the matter, and can neither confirm the report nor set it aside.

The motion must, therefore, be denied.